


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA M. YODER | FILED | CIVIL ACTION |
| v. | NOV - 1 2016 | |
| MACMAIN LAW GROUP, LLC<br>MR. DAVID MACMAIN | LUCY V. CHIN, Interim Clerk<br>By_____Dep. Clerk | NO. 16-5221 |

**MEMORANDUM**

SCHMEHL, J.                                            OCTOBER 28, 2016

Plaintiff Cynthia M. Yoder brings this civil rights action against David MacMain and his law firm based on Mr. MacMain's response to a letter seeking to settle a case that Yoder brought against his clients. She seeks to proceed *in forma pauperis*. The Court will grant Yoder leave to proceed *in forma pauperis* and dismiss her complaint as frivolous.

**I. FACTS**

In 2011, Yoder's son was arrested and criminally charged in Montgomery County. Yoder filed a civil rights action based on that arrest and prosecution naming herself, her parents, and her children as plaintiffs, and naming the detectives who arrested her son and the police departments for whom they work as defendants. David MacMain of the MacMain Law Group represented several of the defendants in that case. The defendants removed the case to this Court and I ultimately dismissed it with prejudice. *See Strunk v. Chester Cnty. Detectives Div.*, E.D. Pa. Civ. A. No. 13-824. Yoder filed an appeal, which is currently pending before the Third Circuit Court of Appeals.[1]

---

[1] Yoder also filed a lawsuit against the attorney she hired to represent her son in the criminal case. The Honorable J. William Ditter, Jr. dismissed that case, which is currently on appeal. Although Yoder references that case, among others, in her complaint it is not clear what if any relevance that litigation has to her claims against MacMain and his law firm.

1



While the appeal was pending, Yoder contacted MacMain to demand that his client expunge her son's criminal record and/or settle the case. On February 14, 2016, Yoder received a response from MacMain via email, which she attached as an exhibit to her complaint. MacMain responded that his clients "have no interest in paying [Yoder] anything as we view the case and the current appeal as wholly frivolous." MacMain added that his clients intended to seek fees and costs from Yoder and her fellow plaintiffs to the extent allowed by law. He also expressed disagreement with Yoder's proposition that she could represent the legal interests of her fellow plaintiffs by virtue of a power of attorney.

Yoder views MacMain's email as "threatening" and claims that his conduct is "unprofessional, unnecessary, harassing and in violation of [her] Constitutional right to self-representation . . . and or her authorization to represent a person who has appointed and entrusted her to represent them . . . ." Accordingly, she initiated this lawsuit claiming violations of her constitutional rights and apparently seeking to raise claims under federal and state criminal statutes. She asks this Court to disbar MacMain, honor her power of attorney, and award her $5 million in damages.

## II.  STANDARD OF REVIEW

Yoder is granted leave to proceed *in forma pauperis* because it appears that she is unable to pay the costs of filing suit. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies, which requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Even giving Yoder's allegations the broadest possible construction, the Court cannot discern any legal basis for a claim from the complaint. The Court understands Yoder to be claiming that MacMain violated her constitutional rights and criminal statutes by sending her an email in which he refused to settle her case and disagreed that her power of attorney allowed her to represent her family members in federal court. As criminal statutes do not give rise to a basis for civil liability, they do not provide Yoder with a basis for her lawsuit. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]").

Furthermore, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Nothing in the complaint reflects that MacMain and his law firm could be considered state actors for purposes of § 1983. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). To the contrary, the complaint makes clear that the defendants are private actors.

In sum, nothing in the complaint provides a legal basis for Yoder's lawsuit against MacMain and his law firm. That Yoder was dissatisfied with the tone or the content of MacMain's email does not give rise to a constitutional violation or other legally cognizable harm. Furthermore, it is worth noting that a power of attorney does not, in fact, allow a non-attorney to represent others in federal court. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-attorney parent could not proceed pro se on behalf of his

children in federal court); *see also Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("Faison Williams's power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court.").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint as legally frivolous. Yoder will not be given leave to file an amended complaint because she cannot cure the defects in her claims. An appropriate order follows.